U.S. 474, 55 S.Ct. 296, 79 L.Ed. 603, 95 A.L.R. 1150.

The judgment in the Loving case will therefore be reversed and the case remanded for a new trial confined to the amount of damages for ownership expenses, unless the appellee shall file with the clerk of the District Court a remittitur in the sum of $6,929.05 within thirty days after the filing of this opinion, the costs in this court to be divided.

Case No. 4737 reversed nisi.

Case No. 4738 affirmed.

**PER CURIAM.**

The appellant, a clerk in the Inquiry Section of the Brooklyn General Post Office, was convicted of converting to his own use the contents of a package which was intended to be conveyed by mail and came into his possession by virtue of his employment. His contention that the prosecutor failed to produce sufficient evidence to substantiate the charge contained in count 5 of the indictment cannot prevail. An examination of the record convinces us that the offense was thoroughly proven and that no prejudicial error was committed at the trial.

Judgment affirmed.

## UNITED STATES v. GILMARTIN.
### No. 284.

Circuit Court of Appeals, Second Circuit.

May 5, 1941.

## CLYDE C. PIERCE CORPORATION v. COMMISSIONER OF INTERNAL REVENUE.
### No. 9845.

Circuit Court of Appeals, Fifth Circuit.

June 4, 1941.

Rehearing Denied July 17, 1941.

Bernard Shatzkin, of Brooklyn, N. Y. (Walter H. W. Luberts, of New York City, and Julian C. Tepper, of Brooklyn, on the brief), for appellant.

Harold M. Kennedy, U. S. Atty., of Brooklyn, N. Y. (Vine H. Smith, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for appellee.

Before SWAN, CHASE, and CLARK, Circuit Judges.